■ PAULA FALCONIO, Formerly Known as PAULA MITRIONE, Appellant, v JOSEPH MITRIONE, Respondent.—In a matrimonial action, in which the parties were divorced by a judgment dated August 20, 1984, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 23, 1990, as denied those branches of her motion which were (1) for an upward modification of child support, (2) for an increase in the amount of life insurance to be purchased by the defendant, and (3) to compel the defendant husband to pay 90% of the cost of the private education of the parties' daughters.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provisions thereof which (1) require defendant husband to pay $225 per month in connection with the educational expenses of the parties' children, and (2) fix $450 as the amount of arrears, and by substituting therefor provisions (1) directing the defendant husband to pay $324 per month in connection with the educational expenses of the parties' children, and (2) fixing $648 as the amount of arrears; as modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of any additional arrears and how any additional arrears are to be paid.

The Supreme Court found that the educational expenses reasonably related to the private education of the parties' children amounted to $300 per month. The parties' separation agreement requires the parties to contribute to these expenses in a manner proportionate to their "respective financial abilities". The Supreme Court, enforcing this provision, directed the defendant husband to pay 75% of $300, or $225, per month, retroactive to February 1, 1990, and fixed arrears in the sum of $450.

Based on our review of the record, we conclude that the plaintiff wife has proven that the children's reasonable educational expenses amount to $360 per month. We also conclude that, in light of their respective incomes, the defendant husband should pay 90% and the plaintiff wife 10% of this monthly expense. We, therefore, modify the Supreme Court's order so as to increase the defendant husband's monthly obligation to pay for educational expenses from $225 to $324 per month, and to increase the arrears due from $450 to $648.

We have examined the plaintiff's remaining contentions and find them to be without merit. We note that the plaintiff's argument concerning the adequacy of attorneys' fees is beyond the scope of her appeal, as limited by her notice of appeal. This argument is meritless in any event. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.